Filed 2/16/24  Sean N. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SEAN N., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF TULARE COUNTY, <br><br> Respondent; <br><br> TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | F087353 <br><br> (Super. Ct. Nos. JJV069957C, JJV069957D) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Sara Bratsch, Judge.

Sean N., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Franson, J. and DeSantos, J.

Petitioner Sean N. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452)[1] from the juvenile court's orders issued at a six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[2] terminating his reunification services and setting a section 366.26 hearing for April 4, 2024, as to his children Matthew N. and M.N. (collectively, the children). Father seeks a writ directing the juvenile court to order that reunification services be continued, visitation be provided, and the children be moved to the paternal grandmother's home. We conclude father's petition fails to comport with the procedural requirements of rule 8.452 regarding extraordinary writ petitions and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

These dependency proceedings were initiated in December 2022 when the Tulare County Health and Human Services Agency (agency) received a referral shortly after the children were born. The children were twin boys, and they both tested positive for amphetamines and tetrahydrocannabinol (THC) at the time of their birth. The children's mother, Samantha E. (mother), admitted to ongoing substance use during her pregnancy, and she did not receive any prenatal care. Mother informed father that the children were his, but he wanted a paternity test to be certain. There were ongoing dependency proceedings involving G.M., a sibling of the children, and mother was not compliant with her case plan.

The agency filed an original petition alleging the children were described by section 300, subdivisions, (b)(1), (g), and (j). The petition alleged the children were at substantial risk of suffering serious physical harm due to mother's substance abuse problem. The petition further alleged that mother's whereabouts were unknown, and

---

[1] All further rule references are to the California Rules of Court.

[2] All further statutory references are to the Welfare and Institutions Code.

2.

siblings of the children were previously neglected as a result of mother's substance abuse in 2016 and 2020.

At the detention hearing held on December 13, 2022, mother and father were not present, and the children were ordered detained from mother's custody. A jurisdiction and disposition hearing was set for January 19, 2023. The children were placed in a resource family home, and the care provider for their dependent sibling, G.M., was unable to take placement. Mother had not provided any relatives for placement consideration, and both father and G.M.'s father had been told by mother that they were the children's father.

On January 19, 2023, father and G.M.'s father were both present for the jurisdiction and disposition hearing, and they were appointed counsel as alleged fathers. Paternity testing was ordered for father and G.M.'s father. The allegations of the petition were found true, and the disposition hearing was continued to March 16, 2023. At the next hearing, an additional continuance of disposition was granted because the paternity results were still pending. Father was informed that he was determined to be the children's biological father on March 29, 2023. He wanted custody of the children, and he was willing to participate in services.

At the continued disposition hearing held on May 4, 2023, father was present, and the juvenile court found him to be the biological father of the children. The agency recommended that father be provided family reunification services, and father's counsel acknowledged that he was not entitled to custody of the children as a biological father. The juvenile court ordered family reunification services and supervised visitation for father. No family reunification services were ordered for mother pursuant to section 361.5, subdivision (b)(10), (11), and (13). A six-month review hearing was set for November 2, 2023.

In its report for the six-month review hearing, the agency recommended the juvenile court terminate reunification services for father and a section 366.26 hearing be

3.

set. Father was not consistent in his visitation with the children, and he failed to substantially comply with the requirements of his case plan. He was participating in his parenting classes, but he did not register for random drug testing or complete a substance abuse assessment. In May 2023, father was arrested for possession of methamphetamine during a traffic stop. Father wanted the children placed with the paternal grandmother, who was participating in the resource family approval process.

The children remained placed with their same care providers, and they were receiving medical treatment for chronic breathing problems. Both children were participating in physical and occupational therapy, and a referral was made to the Central Valley Regional Center for both children. Their care providers were willing to provide a permanent plan of adoption. A contested six-month review hearing was scheduled for December 14, 2023, at father's request. On December 12, 2023, the paternal grandmother indicated that she was approved for placement through the resource family approval process, and the social worker was waiting for confirmation.

The contested six-month review hearing was held on December 14, 2023, and mother, father, and care providers were present and represented by counsel. Father testified on his own behalf, and his counsel argued that family reunification services should be continued. After hearing argument from counsel, the juvenile court followed the agency's recommendation to terminate reunification services after finding that father had not made substantive progress. A section 366.26 hearing was set for April 4, 2024.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) A parent seeking review of the juvenile court's orders from the setting hearing must, as father did here, file an extraordinary writ petition in this court on Judicial Council form JV-825 to initiate writ proceedings. The purpose of such petitions is to allow the appellate court to achieve a

4.

substantive and meritorious review of the juvenile court's findings and orders issued at the setting hearing in advance of the section 366.26 hearing.  (§ 366.26, subd. (*l*)(4).)

Rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citation to the appellate record. (Rule 8.452(b).)  In keeping with the dictate of rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law.  Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record.  Failure to do so renders the petition inadequate in its content and we are not required to independently review the record for possible error.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, father's petition is inadequate in presenting a claim of error.  He indicated on page 2 of the preprinted "Petition for Extraordinary Writ" form (JV-825) that the order terminating his reunification services was erroneous because he was not properly represented.  He also requested that the trial court be directed to "move the children to the home of the [p]aternal [g]randmother who has already been approved."  Father does not provide any explanation as to how his counsel's performance was deficient.  There is also no evidence that father or the paternal grandmother made a request for relative placement to the juvenile court at the time of the disposition hearing.

The petition provides no explanation as to how the juvenile court's order terminating his reunification services was erroneous.  Nowhere in the petition does father assert that the juvenile court erred in finding that he failed to make substantive progress in his case plan.  Nor does he challenge the findings underlying the court's order terminating reunification services.  A party's "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the contention will be found by the appellate court to have been abandoned.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Without citation to authority or to the record, or any discussion supporting his conclusory statements, any challenge to the juvenile court's findings that return of the children would be detrimental must be deemed abandoned. (See *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court has no obligation to "develop the appellants' arguments for them"].) Consequently, he failed to raise a claim of reversible error. Therefore, his petition does not comply with rules 8.450 and 8.452 and is inadequate for appellate review.

Father did not provide any context from which this court could construe an alleged error by citing to relevant facts in the appellate record or any legal authority. Consequently, father's writ petition is facially inadequate for appellate review. Further, as a reviewing court, we do not independently review the appellate record for possible errors. (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.) Therefore, we dismiss the petition.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).